IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00548–REB–KMT


CAREY W. BROOKER, and
LENORA RENEE BROOKER,

      Plaintiffs,

v.

RUSSELL JAY GOULD, Plenipotentiary Judge for the Witnessing of the Parse-Syntax-Grammar of the Vassalees-Fraudulent-Parse-Syntax-Grammar-Documents,
EDGAR J. TROMMETER,
LAS ANIMAS COUNTY, COLORADO SHERIFFS DEPARTMENTS, and
JAMES W. CASIAS, Las Animas County, Colorado Sheriff,

      Defendants.

---

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

---

      Plaintiffs initiated this action by filing a *pro se* Complaint.  The Court must construe the Complaint liberally because the plaintiffs are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiffs will be ordered to file an Amended Complaint.

      Plaintiffs' Complaint is deficient because the have not used the Court-approved Complaint form that *pro se* litigants are required to use.  Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action."  Therefore, Plaintiffs will

be ordered to file an Amended Complaint and submit their claims on the Court-approved

Complaint form.

The Court also finds that Plaintiff's Complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the bases for the claims against them so

that they may respond and to allow the court to conclude that the allegations, if proven, show

that Plaintiffs are entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements

of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc.*

*v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of

the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing

that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy

of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Plaintiffs fail to set forth a short and plain statement of their claims showing that they are

entitled to relief.  Plaintiffs' claims are unnecessarily verbose and unintelligible.  Therefore,

Plaintiffs will be directed to file an Amended Complaint that complies with the pleading

requirements of Rule 8.  Plaintiffs are reminded that it is their responsibility to present their

claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Plaintiff file, **on or before April 27, 2012**, an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint.  It is

FURTHER ORDERED that if Plaintiffs fail within the time allowed to file an Amended Complaint, as directed, this court will recommend that this action be dismissed without further notice.  Plaintiffs' are also warned that their failure to file an Amended Complaint could result in the imposition of additional sanctions, including an order to pay the defendants' costs and attorney fees.

Dated this 28th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge